```
                 UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS


JACK M. LITOWSKY,                   )
      Plaintiff                     )
                                    )
                 v.                 )  C.A. No. 13-cv-30127-MAP
                                    )
ASCO POWER TECHNOLOGIES, L.P.,      )
ET AL.,                             )
      Defendants                    )
```

             MEMORANDUM AND ORDER REGARDING
             DEFENDANTS' MOTIONS TO DISMISS
               (Dkt. Nos. 20, 43, 44, 54, 58 & 76)

                      March 14, 2014

PONSOR, U.S.D.J.

On April 2, 2011, a faulty pressure transducer in a fire pump controller that was part of a sprinkler system at the Muddy Brook Elementary School in Great Barrington, Massachusetts, malfunctioned and caused a false fire alarm. A police cruiser responding to the alarm struck Plaintiff Jack M. Litowsky as he was walking on Stockbridge Road, approximately two and a half miles from the school. As a result, Plaintiff suffered severe injuries.

Plaintiff has sued the School District, the manufacturer of the faulty product, the seller of the product, the installers of the product, and the contractor who performed the annual tests on the product. All Defendants, except Ametek, Inc., have filed motions to

dismiss.

The court will allow the motions. Accepting the allegations of the complaint as true, the facts offered are simply insufficient to demonstrate either the existence of a duty to Plaintiff on the part of any of the Defendants, or the existence of proximate cause. As Defendant ASCO points out, the law is clear in the Commonwealth of Massachusetts that "[a]lthough causation is generally left to a jury to decide, it may be determined as a question of law where there is no set of facts that could support a conclusion that the plaintiff's injuries were within the scope of liability." Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 44-45 (2009) (internal citations omitted). This court is obliged to allow Defendants' motions to dismiss where Plaintiff "has no reasonable expectation of proving that [his injury] was a foreseeable result of the defendant's negligent conduct." Hebert v. Enos, 60 Mass. App. Ct. 817, 820-21 (2004) (internal quotations omitted).

Plaintiff cites two cases from other jurisdictions in which the courts appear to have permitted plaintiffs, on facts comparable to these, to proceed to trial. Shepard v. Reinoehl, 830 A.2d 1235, 1241 (Del. Super. Ct. 2002) (finding that it was reasonable to impose on the defendants a duty of care to the plaintiff where it was foreseeable

that false alarms would trigger a police response); <u>Duncan v. Rzonca</u>, 478 N.E.2d 603 (Ill. App. Ct. 1985) (same). Other cases hold to the contrary. <u>Lodge v. Arett Sales Corp.</u>, 717 A.2d 215, 221 (Conn. 1998) (agreeing with defendants "that the analysis of foreseeability logically cannot be extended so far that the term 'general harm' incorporates any accident involving a fire engine responding to a false alarm with no consideration given to the direct cause of the accident" and concluding that the defendants owed the plaintiffs no duty); <u>Garth v. St. Lucie Cnty.-Fort Pierce Fire Dist.</u>, 640 So. 2d 138 (Fla. Dist. Ct. App. 1994) (same); <u>Ford v. Peaches Entm't Corp.</u>, 349 S.E.2d 82 (N.C. Ct. App. 1986) (finding that the defendant's negligence regarding the false fire alarms was not a proximate cause of the plaintiff's injuries).

 This case, of course, is controlled by Massachusetts law, which is clear that a defendant may not be held liable "for all possible injury, no matter how remote or farfetched." <u>Kelly v. O.E. Plus, Ltd.</u>, 867 N.E.2d 372 (Mass. App. Ct. 2007) (Table) (unpublished opinion found at 2007 WL 1584260 at *3) (defendant manufacturer of defective distributor not liable when disabled truck in a breakdown lane is hit by a drunk driver). Indeed, the facts of this case offer an even more attenuated fact pattern than the one

found by the SJC in <u>Leavitt</u> to be insufficient as a matter of law.  In <u>Leavitt</u>, the officer rushing to the scene of an emergency was himself injured; here the individual struck by the officer has brought suit.  Given the strength of Massachusetts authority, the court finds the out-of-state cases cited by Plaintiff unpersuasive.

It is unusual for this court to resolve dispositive motions, and particularly motions in a case involving serious injuries, with a memorandum this short.  However, it is manifestly clear that the fact pattern underlying this case simply will not support any claim against any of the Defendants.  To find otherwise would be to stretch the notion of proximate cause far beyond anything recognized by Massachusetts law.  In any event, if the limits of proximate cause are to be expanded to the degree suggested by Plaintiff, the decision to do this will have to come from the Court of Appeals.

The extent of Plaintiff's injuries makes the court's ruling a distasteful responsibility.  It would be false charity, however, to pretend that the complaint against <u>these</u> Defendants arising from Plaintiff's injuries has sufficient substance to justify its continuance.

For the foregoing reasons, Defendants' Motions to Dismiss (Dkt. Nos. 20, 43, 44, 54, 58 & 76) are hereby

ALLOWED.  The court has by separate notation denied Plaintiff's motions for a hearing.  These rulings also dispose of any cross-claims filed by any of the parties whose motions to dismiss have been allowed.

Finally, the rulings leave only one Defendant in the case, Ametek, Inc., which has not filed a motion to dismiss.  Counsel for Plaintiff and Ametek will report to the court in writing no later than March 21, 2014, as to whether Ametek will be filing its own motion to dismiss.  If not, the court will refer these parties to Magistrate Judge Kenneth P. Neiman for a pretrial conference.

It is So Ordered.

                                      /s/ Michael A. Ponsor
                                      MICHAEL A. PONSOR
                                      U. S. District Judge